# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | CASE NO. 6:21-cv-667-ADA |
| VOIP-PAL.COM, INC.<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC.;<br>AMAZON.COM, SERVICES LLC; and<br>AMAZON WEB SERVICES, INC.,<br><br>　　　　　Defendants. | CASE NO. 6:21-cv-668-ADA |
| VOIP-PAL.COM, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FACEBOOK, INC. and WHATSAPP,<br>INC.,<br><br>　　　　　Defendants. | CASE NO. 6:21-cv-665-ADA |

**DEFENDANTS' OPPOSED MOTION TO STAY**

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    STATEMENT OF FACTS ................................................................................. 2

    A.    Wave 1:  The '005 and '815 Patents ..................................................... 2

    B.    Wave 2:  The '762, '330, '002, and '549 Patents ................................. 2

    C.    Wave 3:  The '606 Patent ...................................................................... 3

    D.    Wave 4:  The '234 and '721 Patents ..................................................... 4

    E.    The Wave 4 Cases Are Substantially Similar to the Earlier Waves ..................... 5

III.   LEGAL STANDARD ........................................................................................ 7

IV.    ARGUMENT ..................................................................................................... 7

    A.    The Court Should Grant a Stay in These Cases for the Same Reasons It
        Sua Sponte Granted a Stay in the Wave 3 Cases ................................... 8

    B.    A Stay Will Indisputably Promote Judicial Economy ........................... 8

    C.    A Stay Would Not Prejudice VoIP-Pal ............................................... 10

    D.    The Moving Parties Will Suffer Undue Hardship and Inequity if These
        Cases Are Not Stayed .......................................................................... 10

V.     CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alacritech, Inc. v. CenturyLink, Inc.*,
No. 2:16-cv-00693-RWS-RSP, 2017 WL 4231459 (E.D. Tex. Sept. 22, 2017) ....................10

*Apple Inc. v. VoIP-Pal.com, Inc.*,
506 F. Supp. 3d 947 (N.D. Cal. Dec. 11, 2020)........................................................3

*Apple, Inc. v. VoIP-Pal.com, Inc.*,
Case No. 5:20-cv-02460-LHK (N.D. Cal.)................................................3, 4, 5, 7

*AT&T Corp., et al. v. VoIP-Pal.com, Inc.*,
No. 5:20-cv-02995-LHK (N.D. Cal.)........................................................8

*AT&T Corp. v. VoIP-Pal.com, Inc.*,
No. 3:21-cv-05078-JD (N.D. Cal.) ........................................................5, 7

*Cellco P'ship v. VoIP-Pal.com, Inc.*,
No. 5:20-cv-03092-LHK (N.D. Cal.)........................................................4

*Cellco P'ship v. VoIP-Pal.com, Inc.*,
No. 5:21-cv-05275-BLF (N.D. Cal.) ........................................................4, 7

*Clark v. Southwest Airlines Co.*,
No. 1:16-cv-910-RP, 2017 WL 1435762 (W.D. Tex. Apr. 21, 2017)........................................7

*Clinton v. Jones*,
520 U.S. 681 (1997)........................................................7

*Ioina v. Brinker Intern. Payroll Co., L.P.*,
No. C-10-25, 2010 WL 3219009 (S.D. Tex. Aug. 12, 2010) ........................................9

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)........................................................7

*Lighthouse Consulting Group, LLC v. Ally Fin. Inc.*
No. W-19-cv-00592-ADA, 2020 WL 6365538 (W.D. Tex. Mar. 25, 2020)........................9, 10

*Liu v. Aventis Pasteur, Inc.*,
219 F. Supp. 2d 762 (W.D. Tex. 2002)........................................................9

*Neodron Ltd. v. Dell Techs. Inc.*,
No. 1:19-cv-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019)........................................7

## TABLE OF AUTHORITIES
(Continued)

**Page**

*In re Ramu Corp.*,
    903 F.2d 312 (5th Cir. 1990) ...................................................................7

*In re VoIP-Pal.com, Inc.*,
    845 Fed. Appx. 940 (Fed. Cir. 2021)..............................................3, 4, 5

*VoIP-Pal.com, Inc. v. Amazon.Com, Inc., et al.*,
    No. 6:20-cv-00272-ADA (W.D. Tex.).................................................7

*VoIP-Pal.com, Inc. v. Amazon.Com, Inc., et al.*,
    No. 6:21-cv-00668-ADA (W.D. Tex.).................................................7

*VoIP-Pal.com, Inc. v. Apple, Inc.*,
    No. 5:18-cv-06216-LHK (N.D. Cal.)...............................................2, 3

*VoIP-Pal.com, Inc. v. Apple, Inc.*,
    No. 5:18-cv-06217-LHK (N.D. Cal.).................................................2

*VoIP-Pal.com, Inc. v. Facebook, Inc., et al.*,
    No. 6:20-cv-00267-ADA (W.D. Tex.).................................................6

*VoIP-Pal.com, Inc. v. Google LLC*,
    No. 6:20-cv-00269-ADA (W.D. Tex.).......................................3, 6, 7, 8

*VoIP-Pal.com, Inc. v. Twitter, Inc.*,
    798 Fed. Appx. 644 (Fed. Cir. 2020).................................................2

*VoIP-Pal.com, Inc. v. Verizon Commc'ns, et al.*,
    No. 6:21-cv-00672-ADA (W.D. Tex.)..............................................5, 7

*West Gulf Maritime Ass'n v. ILA Deep Sea Local*
    24, 751 F.2d 721 (5th Cir. 1985) ......................................................9

*Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*,
    No. 1:17-cv-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018)........7

**Statutes**

35 U.S.C. § 101 ................................................................................2

## I.      INTRODUCTION

The Court should stay these cases for the same reasons that it stayed all prior cases between the same parties.  As the Court may recall, VoIP-Pal.com, Inc. ("VoIP-Pal") filed a wave of cases in 2020 (the "Wave 3 cases"), selecting this district rather than continuing in the Northern District of California ("NDCA") where two prior waves addressed related patents asserted against nearly all of the same parties.  The third-wave cases led certain defendants to file declaratory judgment ("DJ") actions in the NDCA so that the Honorable Judge Lucy H. Koh could consider whether that third wave in 2020 was sufficiently related to the two earlier waves over which she had previously presided through affirmance on appeal.  This Court *sua sponte* stayed the Wave 3 cases in this district to await Judge Koh's guidance on the relationship between the third wave and the two earlier waves that Judge Koh had handled.  Judge Koh quickly confirmed that the Wave 3 cases were related to the prior two waves, and the Federal Circuit completely affirmed her decision.

VoIP-Pal's latest wave of cases now presents this Court with essentially the same situation.  Specifically, VoIP-Pal filed a fourth wave, once again filing in this district despite the significant party, witness, inventor, document, and technology overlap with the prior NDCA proceedings.  As a result, certain defendants have again filed DJ actions in the NDCA so that Judge Koh can once again address the technology and parties regarding which she has already developed years of relevant experience.  Judge Koh will also consider whether these DJ actions are sufficiently related to the earlier waves over which she previously presided.  Just as this Court recognized before, it makes sense to stay these cases to give Judge Koh the first opportunity to consider the relationship between this fourth wave of VoIP-Pal cases and those already on her docket.  Notably, this Court's prior decision to stay the Wave 3 cases promoted judicial efficiency given that Judge Koh ultimately agreed that the third wave was properly addressed in the NDCA, which the Federal Circuit quickly affirmed.

Judicial economy also makes these cases particularly appropriate for a stay.  VoIP-Pal's piecemeal approach to litigating its patent portfolio has created overlapping issues in multiple jurisdictions that, absent a stay, will lead to wasted judicial resources and potentially conflicting orders.  It does not make sense for these cases to continue while these related issues are still pending.

## II.   STATEMENT OF FACTS

These cases mark the fourth related wave of patent cases by VoIP-Pal.  Exhibit A summarizes these actions.  Declaration of Robert W. Unikel ("Unikel Decl.") Ex. A.

### A.   Wave 1:  The '005 and '815 Patents

In 2016, VoIP-Pal initially filed four cases in the District of Nevada against Apple, AT&T, Twitter, and Verizon alleging infringement of U.S. Patent Nos. 8,542,815 ("the '815 Patent") and 9,179,005 ("the '005 Patent") (the "Wave 1 cases").  *See* Unikel Decl. ¶ 2.  Those cases were transferred to the NDCA and assigned to Judge Lucy H. Koh.  *Id*.  On March 25, 2019, Judge Koh granted a consolidated motion to dismiss VoIP-Pal's claims as invalid under 35 U.S.C. § 101. *VoIP-Pal.com, Inc. v. Apple, Inc*., No. 5:18-cv-06217-LHK, Dkt. 96 (N.D. Cal. Mar. 25, 2019). The Federal Circuit unanimously affirmed Judge Koh's decision.  *VoIP-Pal.com, Inc. v. Twitter, Inc.*, 798 Fed. Appx. 644 (Fed. Cir. 2020).

### B.   Wave 2:  The '762, '330, '002, and '549 Patents

In May and June 2018, VoIP-Pal filed two more cases in the District of Nevada, this time against Apple and Amazon, alleging infringement of four patents—U.S. Patent Nos. 9,537,762 ("the '762 Patent"); 9,813,330 ("the '330 Patent"); 9,826,002; and 9,948,549 (the "Wave 2 cases"). *See* Unikel Decl. ¶ 3.  Those cases were also transferred to Judge Koh in the NDCA.  *Id*.  On November 1, 2019, Judge Koh again granted a consolidated motion to dismiss VoIP-Pal's claims as invalid under 35 U.S.C. § 101.  *VoIP-Pal.com, Inc. v. Apple, Inc*., No. 5:18-cv-06216-LHK,

Dkt. 114 (N.D. Cal. Nov. 1, 2019).  The Federal Circuit again unanimously affirmed Judge Koh's decision.  *See id*. Dkt. 121 (N.D. Cal. Nov. 3, 2020).

###    C.    Wave 3:  The '606 Patent

In 2020, VoIP-Pal asserted U.S. Patent No. 10,218,606 ("the '606 Patent") against Google, Verizon, AT&T, Apple, Amazon, and Facebook in the Western District of Texas (the "Wave 3 cases").  Unikel Decl. ¶ 4.  Verizon, Apple, and AT&T as well as Twitter filed DJ actions in the NDCA, which were assigned to Judge Koh (the "Wave 3 DJ cases").  Unikel Decl. ¶ 5.  In April and May 2020, the NDCA court related the Wave 3 DJ cases to the Wave 1 cases it had previously heard.  *See Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 955 (N.D. Cal. Dec. 11, 2020).

VoIP-Pal then moved to dismiss the Wave 3 DJ cases on the basis that, *inter alia*, the Wave 3 cases filed in this district were filed first, before the Wave 3 DJ cases were filed in the NDCA. *See Apple, Inc. v. VoIP-Pal.com, Inc.*, No. 5:20-cv-02460-LHK, Dkt. 32 (N.D. Cal. Jul. 10, 2020). On September 29, 2020, this Court *sua sponte* stayed the Wave 3 cases pending Judge Koh's ruling on that motion to dismiss the Wave 3 DJ cases.  *See VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA, Dkt. 38 (W.D. Tex. Sept. 29, 2020).  In December 2020, Judge Koh denied VoIP-Pal's motion to dismiss the Wave 3 DJ cases.  *See Apple*, 506 F. Supp. 3d 947.  Judge Koh found that an exception to the first-to-file rule applied because it was more efficient for Judge Koh to resolve the parties' disputes given that she had "already resolved the parties' disputes regarding the patentability of [VoIP-Pal's] six other patents in the 2016 and 2018 cases."  *Id*. at 958. Whereas, "[b]y contrast, the Western District of Texas has not previously adjudicated the parties' disputes regarding this family of patents."  *Id*. at 959.

VoIP-Pal petitioned the Federal Circuit for a writ of mandamus regarding Judge Koh's denial of the motion to dismiss the Wave 3 DJ cases, but the Federal Circuit denied VoIP-Pal's petition.  *See In re VoIP-Pal.com, Inc.*, 845 Fed. Appx. 940 (Fed. Cir. 2021).  In denying the

petition for mandamus, the Federal Circuit noted (*id*. at 942 (emphasis added)):

> [T]he conclusion that ***it would be far less efficient for the Western District of Texas to resolve these cases based on the Northern District of California's familiarity with the overlapping issues is particularly well supported***.  First, the patents in the current cases and prior cases all share a common specification, title, parent application, and inventors.  Second, the instant cases and prior cases involve similar technology and accused products.  And third, the district court previously wrote a total of 113 pages on the validity of the patents, suggesting the court has considerable familiarity with overlapping validity issues in these cases.

The Wave 3 DJ cases[1] are now well into claim construction and they have pending motions asking Judge Koh to make substantive rulings regarding the '606 Patent.  *See, e.g., Apple, Inc. v. VoIP-Pal.com, Inc.*, No. 5:20-cv-02460-LHK, Dkts. 85 and 92 (N.D. Cal. Jun. 17, 2021 and Jul. 27, 2021, respectively).  The Wave 3 cases in this District related to Apple, Verizon, and AT&T have been dismissed, and the only Wave 3 cases remaining in this district are against Facebook, Google, and Amazon.  Unikel Decl. ¶ 6.

### D.    Wave 4:  The '234 and '721 Patents

In 2021, VoIP-Pal asserted U.S. Patent Nos. 8,630,234 ("the '234 Patent") and 10,880,721 ("the '721 Patent") (collectively, the "Asserted Patents") against Google, T-Mobile, Verizon, AT&T, Apple, Amazon, and Facebook (the "Wave 4 cases").  Unikel Decl. ¶ 7.  Verizon, Apple, and AT&T filed DJ actions on the Asserted Patents in the NDCA (the "Wave 4 DJ cases").  Unikel Decl. ¶ 8.  Judge Freeman, who was originally assigned Verizon's Wave 4 DJ case, *sua sponte* referred that matter to Judge Koh to determine whether it is related to the prior and pending cases that Judge Koh has been handling for roughly three years.  *See Cellco P'ship v. VoIP-Pal.com, Inc.*, No. 5:21-cv-05275-BLF, Dkt. 16 (N.D. Cal. Jul. 27, 2021).  Additionally, AT&T filed an administrative motion in the NDCA to consider whether its Wave 4 DJ action should be related to

---

[1] Verizon's Wave 3 DJ case has since been voluntarily dismissed.  *See Cellco P'ship v. VoIP-Pal.com, Inc.*, No. 5:20-cv-03092-LHK, Dkt. 74 (N.D. Cal. May 26, 2021).

its Wave 3 DJ case.  *AT&T Corp. v. VoIP-Pal.com, Inc.*, No. 3:21-cv-05078-JD, Dkt. 12 (N.D. Cal. Jul. 8, 2021).  Apple also requested that its Wave 4 DJ be related to its earlier action before Judge Koh.  *See Apple, Inc. v. VoIP-Pal.com, Inc.*, No. 5:20-cv-02460-LHK, Dkt. 88 (N.D. Cal. Jul. 12, 2021).  More recently, VoIP-Pal asked this court to enjoin Verizon, Apple, and AT&T from proceeding with their Wave 4 DJ cases.  *See, e.g.*, *VoIP-Pal.com, Inc. v. Verizon Commc'ns, et al.*, No. 6:21-cv-00672-ADA, Dkt. 18 (W.D. Tex. Jul. 19, 2021).  That motion is pending.

**E.      The Wave 4 Cases Are Substantially Similar to the Earlier Waves**

There is substantial overlap between the Wave 4 cases and the prior waves, including with respect to the patents-in-suit, the defendants, the prior art, relevant witnesses, and the accused technologies.

With respect to the asserted patents in the different waves, they are all focused on the same technology, namely, facilitating communications using certain identifiers for the call recipient, as demonstrated by, for example, the substantial overlap in the patents' Abstracts:

- '606 Patent (Wave 3)[2], Abstract:  "A process and apparatus to facilitate communication between callers and callees. . . .  In response to initiation of a call by a calling subscriber, *a caller identifier and a callee identifier are received*[.]"  Ex. B (emphasis added) and

- '234 and '721 Patents (Wave 4), Abstracts:  "A method of initiating a call to a callee using a mobile telephone. . . *receiving, from a user of the mobile telephone, a callee identifier associated with the callee*."  Exs. C–D (emphasis added).

This overlap is also reflected in the claims, which all recite the use of certain "identifiers" for the call recipient.  *See, e.g.*, '606 Patent, claim 1 ("a second participant identifier"); '234 Patent, claim 1 ("callee identifier"); '721 Patent, claim 1 (a "destination node identifier").  *See* Exs. B–D.

---

[2] The '606 Patent asserted in the Wave 3 cases is a continuation of the '762 and '330 Patents asserted in the Wave 2 cases and also a continuation of the '005 and '815 Patents asserted in the Wave 1 cases.  As such, the '606 Patent shares the same specification and inventorship as the patents asserted in the earlier waves.  *See In re VoIP-Pal.com, Inc.*, 845 Fed. Appx. at 942.

While the specifications of the Asserted Patents in the Wave 4 cases are not identical to the asserted patents in the prior waves, the specifications do overlap in key respects, particularly with respect to the figures, many of which are the same or nearly identical across patents.  *See, e.g.*, Exs. B–D (figure 4 of the '606 Patent and figures 15 of the '234 and '721 Patents depicting the same call controller;  figure 2 from each patent describing a "phone" with a "memory" structure including a "Parameter Memory," "Program Memory," and "Temporary Memory";  figure 9 from each patent describing the "Dialing Profile for a User";  figure 3 of the '606 Patent and figures 14 of the '234 and '721 Patents each depicting a "SIP Invite Message";  figure 6 of the '606 Patent and figures 17 of the '234 and '721 Patents each describing a "RC Request Message";  and figures 8A–8B of the '606 Patent and figures 18A–18B of the '234 and '721 Patents each showing flowcharts for an "RC Request Message Handler").

Notably, VoIP-Pal's background on the technology in its complaints in the Wave 4 cases is recycled nearly verbatim from the background on the technology in the complaints in the Wave 3 cases.  *Compare, e.g.*, *VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA (a Wave 3 case), Dkt. 1 ¶¶ 11–21 (W.D. Tex. Apr. 3, 2020), *with VoIP-Pal.com, Inc. v. Google LLC*, No. 6:21-cv-00667-ADA (a Wave 4 case), Dkt. 1 ¶¶ 13–23 (W.D. Tex. Jun. 25, 2021).  There is even overlap in inventorship—Johan Emil Viktor Björsell is a named inventor on all of the patents because they all stem from the same technology developments.

All of the defendants from the Wave 1, 2, and 3 cases are also defendants in the Wave 4 cases (except Twitter).  Given the overlap in parties and asserted patents, it is not surprising that in most instances the accused products are overlapping across multiple waves.[3]

---

[3] *Compare VoIP-Pal.com, Inc. v. Facebook, Inc., et al.*, No. 6:20-cv-00267-ADA (a Wave 3 case), Dkt. 28 ¶¶ 44–47 (W.D. Tex. Jul. 31, 2020) (accusing Facebook's and WhatsApp's "messaging service[s]" that "allow[] users of mobile devices[s] to communicate using text, images, video and audio with users of other mobile devices"), *with VoIP-Pal.com, Inc. v. Facebook, Inc., et al.*, No.

## III.   LEGAL STANDARD

The Court has discretion to stay a case.  *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997).   Determining whether to issue a discretionary stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936).  In determining whether a stay is proper, a court should consider:  (1) judicial resources; (2) the potential prejudice to the non-moving party; and (3) the hardship and inequity to the moving party if the action is not stayed.  *Neodron Ltd. v. Dell Techs. Inc.*, No. 1:19-cv-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019) (citing *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-cv-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018)).

## IV.   ARGUMENT

The moving parties request a limited[4] stay until the following issues are resolved:

1) VoIP-Pal's motion in this Court to enjoin certain of the Wave 4 cases.  *See, e.g., VoIP-Pal.com, Inc. v. Verizon Commc'ns, Inc., et al.*, No. 6:21-cv-00672-ADA, Dkt. 18 (W.D. Tex. Jul. 19, 2021);

2) The determinations on whether to relate the Wave 4 DJ cases to the earlier cases.  *See AT&T Corp., et al. v. VoIP-Pal.com, Inc.*, No. 3:21-cv-05078-JD, Dkt. 12 (N.D. Cal. Jul. 8, 2021);  *Cellco P'ship v. VoIP-Pal.com, Inc.*, No. 5:21-cv-05275-BLF, Dkt. 16 (N.D. Cal. Jul. 27, 2021);  *Apple, Inc. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-02460-LHK, Dkt.

---

6:21-cv-00665-ADA (a Wave 4 case), Dkt. 1 ¶¶ 27–34 (W.D. Tex. Jun. 25, 2021) (accusing Facebook's and WhatsApp's "messaging and communication platform[s]" that "allow[] smartphone and desktop users to send text messages and voice messages, make voice and video calls, and share images"); *compare VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA (a Wave 3 case), Dkt. 24 ¶ 43 (W.D. Tex. Jul. 31, 2020) (accusing "messaging services"), *with VoIP-Pal.com, Inc. v. Google LLC*, No. 6:21-cv-00667-ADA (a Wave 4 case), Dkt. 1 ¶ 26 (W.D. Tex. Jun. 25, 2021) (accusing a "messaging and communication platform."); *compare VoIP-Pal.com, Inc. v. Amazon.Com, Inc., et al.*, No. 6:20-cv-00272-ADA (a Wave 3 case), Dkt. 31 ¶ 44 (W.D. Tex. Jul. 31, 2020) (accusing the "Amazon Calling and Messaging System"), *with VoIP-Pal.com, Inc. v. Amazon.Com, Inc., et al.*, No. 6:21-cv-00668-ADA (a Wave 4 case), Dkt. 6 ¶ 28 (W.D. Tex. Jun. 28, 2021) (accusing the "Amazon Calling System").
[4] This stay is not of an "immoderate or indefinite duration."  *Clark v. Southwest Airlines Co.*, No. 1:16-cv-910-RP, 2017 WL 1435762, at *2 (W.D. Tex. Apr. 21, 2017) (citation omitted).

88 (N.D. Cal. Jul. 12, 2021); and

4) VoIP-Pal's motion to dismiss pending before Judge Koh in NDCA in the Wave 3 DJ cases. *See, e.g., AT&T Corp., et al. v. VoIP-Pal.com, Inc.*, No. 5:20-cv-02995-LHK, Dkt. 76 (N.D. Cal. Mar. 24, 2021).

The requested relief is consistent with this Court's earlier ruling staying the Wave 3 cases. Moreover, a stay would conserve judicial resources and avoid hardship to the moving parties, without any prejudice to VoIP-Pal.

### A.   The Court Should Grant a Stay in These Cases for the Same Reasons It *Sua Sponte* Granted a Stay in the Wave 3 Cases

This Court was faced with similar circumstances in the Wave 3 cases, and decided to stay them, *sua sponte*. The same logic supporting a stay in those cases applies here. This Court's *sua sponte* stay of the Wave 3 cases gave Judge Koh the opportunity to decide whether the Wave 3 DJ cases were related to the Wave 1 and 2 cases that she had been presiding over for years. *See VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA, Dkt. 38 (W.D. Tex. Sept. 29, 2020) ("The above-entitled and numbered cases are stayed until the Northern District of California enters an order…"). The same value stands to be gained here. Staying these cases would allow the Court to gain the benefit of Judge Koh's rulings addressing the relationship between the cases. Just as before, there are overlapping filings by VoIP-Pal in the Western District of Texas and DJ actions in NDCA on the same patents. And just as before, Judge Koh will soon weigh in on the relationship between the new cases and her prior experience with the parties, the technology, and VoIP-Pal's patents, thereby providing this Court with key information bearing on judicial economy and the most appropriate way to proceed. Given the similarity between the issues here and the stayed Wave 3 cases, a temporary stay is the only logical result.

### B.   A Stay Will Indisputably Promote Judicial Economy

"A motion to stay 'may be justified when a similar action is pending in another court. . . .

In these situations, the court's objectives are to avoid conflicting judicial opinions and to promote judicial efficiency.'" *Ioina v. Brinker Intern. Payroll Co., L.P.*, No. C-10-25, 2010 WL 3219009, at *1 (S.D. Tex. Aug. 12, 2010) (citation omitted); *see also Liu v. Aventis Pasteur, Inc*., 219 F. Supp. 2d 762, 768 (W.D. Tex. 2002) ("Courts often stay proceedings to avoid interference with related proceedings in another forum and to avoid the waste of duplication."); *West Gulf Maritime Ass'n v. ILA Deep Sea Local* 24, 751 F.2d 721, 728–29 (5th Cir. 1985).

There are similar actions pending in this Court and in another district, namely the other Wave 4 cases in this Court and the Wave 4 DJ cases in the NDCA (as well as the overlapping issues and parties with Waves 1–3). Staying these cases pending resolution of the above matters will conserve judicial resources. It will facilitate coordinated action between this Court and the NDCA. It will ensure that this Court has a complete picture of the status of all of the related litigation between the parties when it decides what to do with the Wave 4 cases before it. A stay will also avoid the need for the Court to monitor, and the parties to report, each new event in all of the cases proceeding in NDCA. A temporary stay in these cases makes possible a full consideration of potential judicial efficiencies to two sets of cases with the same patent and parties, and intertwined procedural and factual issues. It avoids the cases proceeding inconsistently in two districts.

As discussed, this Court has recognized the benefits of a stay under similar circumstances in the Wave 3 cases. This Court similarly recognized the benefit of a stay in such circumstances in *Lighthouse Consulting Group, LLC v. Ally Fin*. *Inc*., where it stayed ten related cases pending a *Markman* order in another case regarding the same patents. No. W-19-cv-00592-ADA, 2020 WL 6365538 (W.D. Tex. Mar. 25, 2020). The Court stated: "the parties will initially benefit from the stay by avoiding parallel, potentially duplicative *Markman* briefing. . . . For at least these

-9-

reasons, the Court believes that staying the above styled cases would result in a particularly large increase in judicial efficiency." *Id.* at *1. Similarly, here, a stay would help the parties avoid duplicative briefing on case relatedness and piecemeal briefing on any motion to transfer.

### C.     A Stay Would Not Prejudice VoIP-Pal

The temporary stay requested herein would not prejudice VoIP-Pal. *Id.* at *2 ("[T]here does not appear to be any discernible prejudice to Lighthouse by this stay for several reasons. First, the stay is relatively short."). VoIP-Pal is a non-practicing entity that does not compete with any of the moving parties, and courts have held that "[i]n litigation involving non-competitors, delay of potential money damages does not generally create an undue prejudice that merits denying a stay." *Alacritech, Inc. v. CenturyLink, Inc.*, No. 2:16-cv-00693-RWS-RSP, 2017 WL 4231459, at *2 (E.D. Tex. Sept. 22, 2017). If anything, a stay would benefit VoIP-Pal because it would save VoIP-Pal (and the Court) from the burden of duplicative and/or follow-on rounds of briefing to account for relevant updates in the parallel proceedings.

### D.     The Moving Parties Will Suffer Undue Hardship and Inequity if These Cases Are Not Stayed

If the stay is not granted, the moving parties will suffer undue hardship and litigation expense that could easily be avoided. For example, if these cases are not stayed while the Wave 4 DJ cases proceed, the parties would have to juggle competing orders and deadlines for cases involving the same patent in two different districts. When compared to the reality that VoIP-Pal will suffer no prejudice, this hardship is not warranted.

## V.     CONCLUSION

The moving parties respectfully request that the Court stay these cases pending the resolution of issues in parallel proceedings that will directly impact these cases. The Court undertook a substantially similar analysis in the Wave 3 cases and came out in favor of a stay.

DATED: August 12, 2021                    Respectfully Submitted,

                                          _____*/s/ Paige Arnette Amstutz*_____
                                          Paige Arnette Amstutz
                                          State Bar No.: 00796136
                                          pamstutz@scottdoug.com
                                          **Scott, Douglass & McConnico, LLP**
                                          303 Colorado Street, Suite 2400
                                          Austin, TX 78701
                                          Telephone: (512) 495-6300
                                          Facsimile: (512) 495-6399

                                          Robert W. Unikel (Admitted *Pro Hac Vice*)
                                          robertunikel@paulhastings.com
                                          Matthew Lind (Admitted *Pro Hac Vice*)
                                          matthewlind@paulhastings.com
                                          **Paul Hastings LLP**
                                          71 South Wacker Drive, 45th Floor
                                          Chicago, IL 60606
                                          Telephone: (312) 499-6000
                                          Facsimile: (312) 499-6100

                                          Robert R. Laurenzi (Admitted *Pro Hac Vice*)
                                          robertlaurenzi@paulhastings.com
                                          **Paul Hastings LLP**
                                          200 Park Avenue
                                          New York, NY 10166
                                          Telephone: (212) 318-6000
                                          Facsimile: (212) 319-4090

                                          Ariell N. Bratton (Admitted *Pro Hac Vice*)
                                          ariellbratton@paulhastings.com
                                          Cole D. Malmberg (Admitted *Pro Hac Vice*)
                                          colemalmberg@paulhastings.com
                                          Paul Hastings LLP
                                          4747 Executive Drive, 12th Floor
                                          San Diego, CA 92121
                                          Telephone: (858) 458-3000
                                          Facsimile: (858) 458-3005

                                          *Counsel for Defendant Google LLC*

                                          _____*/s/ Michael E. Jones*_____
                                          Michael E. Jones

State Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON**
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597 8311
Fax: (903) 593 0846 (Facsimile)

*Attorney for Defendants Facebook, Inc. and*
*WhatsApp, Inc.*

_____ */s/ Daniel T. Shvodian* _____
Daniel T. Shvodian (Admitted *Pro Hac Vice*)
dshvodian@perkinscoie.com
**Perkins Coie, LLP**
3150 Porter Drive
Palo Alto, CA  94304
Tel: (650) 838-4300
Fax: (650) 838-4350

M. Craig Tyler, State Bar No. 794762
ctyler@perkinscoie.com
**Perkins Coie LLP**
500 W 2nd St, Suite 1900
Austin, TX  78701-4687
Tel: (737) 256-6113
Fax: (737)256-6300

*Attorney for Defendants*
*Amazon.com, Inc., Amazon.Com, Services*
*LLC and Amazon Web Services, Inc.*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for the parties to this motion conferred in a good-faith effort to resolve the matter presented herein. Counsel for VoIP-Pal.com, Inc. opposes the instant motion and did not agree that these cases should be stayed.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 12, 2021, all counsel of record who have appeared in these cases are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz