**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VOIP-PAL.COM, INC.,<br><br>      *Plaintiff*,<br><br>   v.<br><br>AMAZON.COM, INC., AMAZON.COM<br>SERVICES LLC, and AMAZON WEB<br>SERVICES, INC.,<br><br>      *Defendants*. | Case No. 6:21-cv-00668-ADA |
| VOIP-PAL.COM, INC.,<br><br>      *Plaintiff*,<br><br>   v.<br><br>VERIZON COMMUNICATIONS, INC.;<br>CELLO PARTNERSHIP d/b/a VERIZON<br>WIRELESS; VERIZON SERVICES CORP.;<br>and VERIZON BUSINESS NETWORK<br>SERVICES, INC.,<br><br>      *Defendants*. | Case No. 6:21-cv-00672-ADA |
| VOIP-PAL.COM, INC.,<br><br>      *Plaintiff*,<br><br>   v.<br><br>T-MOBILE USA, INC.,<br><br>      *Defendant*. | Case No. 6:21-cv-00674-ADA |

## DISCOVERY DISPUTE ORDER

The Court hereby resolves the following discovery dispute submitted to the Court by email

on October 27, 2022.  Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Web

158993035.1

Services, Inc., Verizon Communications, Inc., Cello Partnership d/b/a Verizon Wireless, Verizon

Services Corp., Verizon Business Network Services, Inc., and T-Mobile USA, Inc. ("Defendants")

ask the Court to resolve the dispute over the appropriate scope of the patent prosecution bar in the

Protective Order.

## Issue Submitted by the Parties

**Defendants' Position:**

The parties agree that a patent prosecution bar is warranted, given the technical information

that Defendants have been required to produce.  The only dispute is the appropriate scope of that

bar.

This Court already addressed and preliminarily resolved this issue.  (ECF No. 71, Case No.

6:21-cv-00668-ADA.)  At that time, the dispute focused on the risk posed by VoIP-Pal's desire to

disclose Defendants' confidential information to VoIP-Pal's patent prosecution attorney, Sean

Parmenter, who had just then appeared in this litigation.  In resolving that dispute, the Court

adopted the patent prosecution bar language from *Multimedia Content Mgmt. LLC v. DISH

Network L.L.C.*, No. 6:18-CV-00207-ADA, at 6 (W.D. Tex. Sept. 25, 2019).  In so ruling, this

Court emphasized its concern that "Mr. Parmenter will be unable to compartmentalize Defendants'

confidential information from his prosecution work."  (ECF No. 71 at 11.)  This same rationale

continues and applies to all of VoIP-Pal's counsel, as well as its experts.

To adequately protect Defendants from potential misuse, even inadvertent, of their

technical information, the patent prosecution bar should preclude prosecution activity "related to

the technology or subject matter of the patents-in-suit for which discovery was sought or related

to HIGHLY SENSITIVE MATERIAL that was disclosed during the pendency of this Action."

This is the same scope the Court ordered in *Multimedia Content*, where the Court ordered

that the prosecution bar encompass the "[a]ny patents or patents applications related to the

158993035.1

technology or subject matter of the patents-in-suit ***for which discovery was sought or highly confidential information was disclosed***." *Multimedia Content*, No. 6:18-CV-00207-ADA, at 6 (emphasis added).

This same approach is needed here, where VoIP-Pal's document requests and Defendants' corresponding productions necessarily contain a broad range of technical material that is not limited to the narrow scope of the patent claims. Defendants' technical documents are not neatly cabined to only discuss in one place technical information specific to the elements of the asserted claims. To adequately protect Defendants, the prosecution bar must be equally broad. The purpose of a prosecution bar is to ensure that attorneys and experts who receive access to confidential technical information through litigation do not misuse that information by amending pending patent claims (whether of the plaintiff or another client) to cover a producing party's products. This purpose cannot be effectuated unless the bar is broad enough to cover all of the confidential technical information produced.

For this reason, VoIP-Pal's proposed prosecution bar is too narrow. By including specific claim limitations (*e.g.*, use of an access code to initiate a call), VoIP-Pal has proposed a bar that excludes from protection technical information about accused products that are not specifically pertinent to the asserted claims but are intermixed in the documents relevant to those claims. Even worse, VoIP-Pal's bar would mean that an ultimate finding of non-infringement, such as for lack of an "access code," would retroactively remove ***all*** of Defendants' confidential technical information from the scope of the bar. Such a narrow proposal must be rejected.

**Defendants' Relief Requested:**

Defendants respectfully request that their proposed patent prosecution bar on page 25 of the draft Protective Order (Attachment A) be adopted to prohibit the "preparation or prosecution

of any patent application related to the technology or subject matter of the patents-in-suit for which discovery was sought or related to HIGHLY SENSITIVE MATERIAL that was disclosed."

**Plaintiff's Position:**

The Court should adopt VoIP-Pal's proposed scope of the final prosecution bar and reject Defendants' proposed scope. Despite what Defendants claim, the Court has not resolved this issue. The Court ordered an *interim* prosecution bar barring VoIP-Pal's counsel, Sean Parmenter, "from prosecuting patents … *until the Court enters a permanent, case specific protective order*." Case No. 6:21-cv-668-ADA, Dkt. No. 71 at 11 of 11 (emphasis added). The Court also ordered the parties "to meet and confer on the final scope of the prosecution bar … ." *Id.* Defendants now seek to have that interim prosecution bar applied to all of VoIP-Pal's counsel, which is improper.

Defendants bear the initial burden of showing that their proposed prosecution bar "reasonably reflect[s] the risk presented by the disclosure of proprietary competitive information … ." *See In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). "The proper subject matter of the proposed prosecution bar … should be coextensive with the subject matter of the patents-in-suit." *Applied Signal Tech., Inc. v. Emerging Mkts. Communs.*, No. C-09-02180, 2011 U.S. Dist. LEXIS 97403, at *12 (N.D. Cal. Jan. 20, 2011); *see also* Default Protective Order – Patent Cases at ¶12 (barring prosecution in "the field of the invention of the patents-in-suit.") Defendants cannot satisfy their burden regarding their proposed scope.

The italicized portion of VoIP-Pal's proposed prosecution bar below is *identical* in scope to the prosecution bar adopted in a NDCAL suit involving VoIP-Pal's '606 patent of which Verizon was a party. *See* Exhibit 1 at 3; Exhibit 2 at 21. Defendants, however, seek to bar VoIP-Pal's counsel from prosecuting patents relating to any technology or highly sensitive information for which discovery is sought. This definition is far broader than the subject matter of the patents-

in-suit, which relates to VoIP communications.  Defendants' definition covers any communication, including making a phone call using the internet, sending an email, or mailing a letter.  If the Court were to adopt Defendants' definition, then VoIP-Pal's counsel would be precluded from prosecuting patents in unforeseen contexts that have nothing to do with the patents-in-suit, based solely on Defendants' decision of what material to produce, which is unreasonable.

Defendants' contention that the same rationale that the Court applied to the Parmenter dispute should apply to all of VoIP-Pal's counsel lacks merit.  The Court ordered a broad bar for Mr. Parmenter because of his previous work prosecuting the asserted patents.  Case No. 6:21-cv-668-ADA, Dkt. No. 71 at 11 of 11.  VoIP-Pal's other counsel have not previously prosecuted any VoIP-Pal patents.  The Court also based its previous decision on VoIP-Pal not representing that Mr. Parmenter does not prosecute patents for WiFi calling or other related fields.  *Id.*  Not only can VoIP-Pal make that representation, but Defendants' proposed scope is far broader than WiFi calling and related technologies as discussed above.

Further, the Court should reject Defendants' proposal because VoIP-Pal's counsel in the NDCAL suit should not be subject to two different prosecution bars for the same accused Wifi calling technology.

**Plaintiff's Relief Requested:**

Order that "the Court adopts Plaintiff's proposed scope for the prosecution bar in these cases, which appears on page 25 of the draft Protective Order: "*methods, systems, processes, or apparatuses that facilitate communications across or between IP-based communication systems or networks and that utilize user-specific attributes of the communication-initiating party and/or of the communication-receiving party for purposes of classification and/or routing of the*

*communication across private networks or between private networks and public networks* or that utilize an access code received from an access server to initiate a call to a callee."

### Analysis

The Court finds that the scope of the patent prosecution bar proposed by Defendants is warranted.

### Conclusion

It is hereby **ORDERED** that the patent prosecution bar shall prohibit the "preparation or prosecution of any patent application related to the technology or subject matter of the patents-in-suit for which discovery was sought or related to HIGHLY SENSITIVE MATERIAL that was disclosed during the pendency of this Action and for two years after its conclusion, including any appeals."  It is further ORDERED that the Protective Order attached hereto as Attachment A is entered in the above captioned cases.

SIGNED this __ day of November, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

158993035.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document, Attachment A and Exhibits 1 and 2 have been served November 10, 2022 to all counsel of record, via the Court's CM/ECF system

*/s/ Daniel T. Shvodian*

Daniel T. Shvodian