IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> AMAZON.COM, INC., et al., <br><br> *Defendants*. | Case No. 6:21-cv-668-ADA |
| VOIP-PAL.COM, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., et al., <br><br> *Defendants*. | Case No. 6:21-cv-672-ADA |
| VOIP-PAL.COM, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> *Defendant*. | Case No. 6:21-cv-674-ADA |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF
OPPOSED MOTION TO STAY CASE PENDING IPRS**

**I.      INTRODUCTION**

The strong potential for simplification continues to warrant a stay. VoIP-Pal does not dispute that the recently instituted IPRs may moot this entire case. So could the § 101 motion, filed on February 23, in the transferred VoIP-Pal cases.[1] And the IPRs will at least simplify invalidity, as the defendants have agreed to be bound by the estoppel scope of § 315(e) if this Court grants the requested stay. Thus, rather than risk the parties, the Court, and the taxpayers devoting further resources to issues that may be mooted on multiple bases, these actions should be stayed pending the resolution of the Meta IPRs challenging all asserted claims.

And the other traditional stay factors cannot outweigh the strong potential for simplification.[2] Indeed, VoIP-Pal concedes that it chose not to prioritize these cases, resulting in a seven-year delay before filing suit and undercutting any undue prejudice.[3] VoIP-Pal does not dispute that the most burdensome and costly tasks lie ahead, including expert discovery, dispositive and Daubert motions, pretrial proceedings and preparation, and three separate jury trials. In similar circumstances involving multiple bases for invalidating the asserted claims, this Court has repeatedly found that simplification "overwhelms the other two factors" and merits a stay.[4]

**II.     THE RELEVANT FACTORS CONTINUE TO WARRANT A STAY.**

**Undue Prejudice:** VoIP-Pal's opposition confirms that any prejudice to VoIP-Pal would not extend beyond a patent owner's general interest in the timely enforcement of patent rights.

---

[1] *VoIP-Pal.com, Inc. v. Google, Inc.*, N.D. Cal. No. 3:22-cv-3199, Dkt. 100.

[2] *T-Mobile*, Dkt. 91; *Verizon*, Dkt. 82; *Amazon*, Dkt. 115 (collectively, "Motion").

[3] *T-Mobile*, Dkt. 96 at 5; *Verizon*, Dkt. 85 at 5; *Amazon*, Dkt. 118 at 5 (collectively, "Opp.").

[4] *Sonrai Memory Ltd. v. W. Digital Techs., Inc.*, No. 6:21-cv-1168-ADA, 2022 WL 3108818, at *5 (W.D. Tex. Aug. 4, 2022); *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-cv-318-ADA, 2021 WL 4555804, at *1 (W.D. Tex. Oct. 4, 2021); *accord, e.g.*, *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-cv-899-ADA, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021).

Indeed, VoIP-Pal does not dispute that any alleged liability is compensable with money damages.[5] As this Court and others have repeatedly found, that diminishes the weight afforded to the interest in timely enforcement.[6] And the only other prejudice that VoIP-Pal identifies stems from the delay inherent in any stay pending IPRs, confirming that the prejudice factor is not dispositive here.[7]

For example, VoIP-Pal argues that "a stay risks the loss of testimonial and documentary evidence potentially valuable to [its] case."[8] But VoIP-Pal does not identify any particular evidence that is at risk of being lost if this Court were to grant the requested stay. And as Judge Bryson explained in *NFC Technology*, when rejecting a similar argument, "[a] blanket statement that evidence may become stale or be lost does not amount to a compelling showing of prejudice."[9]

Further, VoIP-Pal's arguments relying on the relatively short delay inherent in a stay are unavailing, given that VoIP-Pal waited until June 2021 to assert the '234 patent, even though it issued in January 2014.[10] VoIP-Pal's opposition admits that VoIP-Pal delayed filing and investigating the alleged infringement in these cases because it chose to "prioritize" a failed litigation campaign based on other patents instead.[11] That the present cases may be VoIP-Pal's "Plan B,"

---

[5] *See* Motion at 5 (explaining that VoIP-Pal does not sell competing products and has not sought to preliminarily enjoin any alleged infringement).

[6] *See, e.g., VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-cv-254-ADA, 2022 WL 2718986, at *4 (W.D. Tex. July 12, 2022 (giving "minimal" weight to prejudice due to "Plaintiff seeking only monetary damages" and delay in filing suit); Motion at 5 n.23 (citing, *inter alia, Kirsch Rsch.*, 2021 WL 4555804).

[7] *See* Motion at 5; *see also, e.g., Kove IO, Inc. v. Amazon Web Servs., Inc.*, No. 18-cv-8175, 2022 WL 683666, at *3 (N.D. Ill. Mar. 8, 2022) ("Court after court has found that the delay inherent to a stay pending [PTO proceedings] is not, by itself, unduly prejudicial to the party attempting to enforce its patent rights.") (citing *Brit. Telecommc'ns PLC v. IAC/InterActiveCorp*, No. 18-cv-366, 2020 WL 5517283, at *6–7 (D. Del. Sept. 11, 2020) (Bryson, J.)).

[8] Opp. at 3.

[9] 2015 WL 1069111, at *2–3 (E.D. Tex. Mar. 11, 2015).

[10] *See* Motion at 5–6 (detailing when defendants launched accused products). As VoIP-Pal acknowledges, the PTAB's Final Written Decisions in the IPRs are due only 11 months from now, on January 31, 2024, with a possible but unlikely extension of up to six months for good cause.

[11] Opp. at 5.

however, is no basis to force the defendants, the Court, and the taxpayers to bear the costs of pressing forward with litigating issues that could soon be mooted on multiple bases.[12] Nor does VoIP-Pal identify any other persuasive basis for doing so.[13] VoIP-Pal alone is responsible for waiting half a decade or more before investigating and filing these actions, undercutting any newfound sense of urgency or undue prejudice now.[14]

Additionally, although the '721 patent issued in 2020, as a continuation it purports to cover the same 2009 invention(s) as the '234 patent.[15] VoIP-Pal's later filing of the application that issued as the '721 patent and its unusually lengthy, six-year prosecution is likewise no basis to impose the costs of likely duplicative litigation on other parties and the court system.

And VoIP-Pal's argument that its discovery delays "are immaterial at this point" further undercuts undue prejudice.[16] As Defendants explained, for example, VoIP-Pal produced 100,000-plus pages of emails just three days before the fact discovery cutoff. VoIP-Pal's opposition only raises additional questions about why this took so long, as it admits VoIP-Pal had control of these emails since 2013, yet did not attempt to access them before November 2022.[17] Thus, for all the reasons here and in defendants' motion, this factor favors a stay or is neutral.[18]

---

[12] *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (Regardless of whether patent owner had "rational reasons" for not pursuing relief earlier, "that it was not worth the expense to [do so] contradict[ed]" its attempt to show undue prejudice when opposing stay.).

[13] Notably, there was no gamesmanship in the timing of this motion. VoIP-Pal sued Meta and the defendants here at the same time, and Meta filed its IPR petitions within three days of Amazon and T-Mobile's motions for joinder to the Google petitions challenging the same patents (*see* IPR2022-01180, -01181, institution denied Dec. 22, 2022). Thus, the same timing and dates for Final Written Decisions were possible in any of the IPRs filed after VoIP began the present litigation campaign.

[14] *See* Motion at 6–7.

[15] *See generally* MPEP § 201.07.

[16] Opp. at 5.

[17] *Id*. (stating that these emails came "from an e-mail archive from the company Digifonica (whom VoIP-Pal acquired in 2013) which VoIP-Pal had been trying to access since November").

[18] *See* Motion at 7 (citing cases where patent owner delayed or showed no sense of urgency).

3

**Stage of Proceedings:** VoIP-Pal does not dispute that fact discovery, including Court-ordered fact discovery, remains to be completed.[19] VoIP-Pal also does not dispute that the most burdensome and expensive parts of these cases for the parties and the Court lie ahead. And though VoIP-Pal attempts to rely on sunk costs as a basis to deny a stay, courts often grant stays at similar stages of litigation where, as here, the potential for simplification is strong.[20]

**Simplification:** As noted, this is the "most important factor."[21] Public policy, as enacted by Congress in the AIA, supports allowing the Patent Office to do its job and simplify the validity issues in district court actions like VoIP-Pal's cases here.[22] So too does the "strong public policy" applying to all civil actions that VoIP-Pal relies on.[23] Here, the requested stay best serves Rule 1's goal to "secure the just, speedy, and inexpensive determination of every action and proceeding."

As defendants explained, the PTAB was not swayed by VoIP-Pal's arguments on the validity of any asserted claims, and the petitions included additional grounds that the PTAB has not yet found necessary to reach. Further, defendants agreed to be bound by the estoppel scope of § 315(e), consistent with agreements in similar cases that this Court has previously stayed.[24] And the anticipated § 101 challenge to the same patents was filed in the transferred VoIP-Pal cases on

---

[19] *See id*. (noting, *inter alia*, Court's Feb. 13 grant of additional deposition time with VoIP-Pal's CEO).

[20] *Id*. at 8 n.32 (collecting cases); *see also Brit. Telecommc'ns*, 2020 WL 5517283, at *5 (granting stay shortly before trial, after completion of claim construction and fact discovery); *Kove*, 2022 WL 683666 (granting stay after claim construction and "substantial" resources devoted to three-plus years of litigation).

[21] Motion at 8 (quoting *Sonrai Memory*, 2022 WL 3108818, at *3).

[22] *Id*. at 8 (quoting *TC Tech*., 2021 WL 8083373, at *3); *see also Brit. Telecommc'ns*, 2019 WL 4740156, at *3 (Judge Bryson noting that "interests of judicial economy and deference to the PTO's expertise have given rise to a 'liberal policy in favor of grant stays'").

[23] Opp. at 2 (citing Fed. R. Civ. P. 1); *see also, e.g.*, *id*. at 5.

[24] Motion at 9 (citing, *inter alia*, *Kirsch Res.*, 2021 WL 4555804, at *3).

February 23, with the briefing currently scheduled to be complete in March.[25] Even with the backlogs that sometimes afflict other courts, there is a good chance that the Northern District of California will be able to resolve that motion while the IPRs are ongoing, making it even more likely that the requested stay here will simplify the issues.

VoIP-Pal does not dispute those facts, and its legal arguments fail to undercut the strong likelihood that a stay will significantly simplify the issues here. For instance, VoIP-Pal emphasizes that the pending § 101 motion "has no bearing on whether *the IPRs* will simplify the case in this court."[26] But a stay is a discretionary exercise of this Court's inherent authority. Nothing limits this Court's consideration of relevant, co-pending litigation that further contributes to the potential for simplification.[27] Further, VoIP-Pal ignores that even if the instituted claims are not all cancelled, the IPRs could encourage resolution or lead to amendments to the claims, which could create intervening rights and affect potential damages.[28] And regardless of how the PTAB and the California court rule, their decisions may still assist the parties and the Court in addressing any remaining invalidity issues that defendants are not foreclosed from raising.

Thus, for all the reasons above and in defendants' motion, the strong potential for simplification here warrants a stay pending Metas IPRs challenging all asserted claims.

---

[25] *E.g.*, *Voip-Pal.com, Inc. v. Google, Inc.*, N.D. Cal. No. 3:22-cv-3199, Dkt. 100.

[26] Opp. at 8 (emphasis in original).

[27] *Cf. Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005–06 (Fed. Cir. 2015) (finding that district court abused its discretion by not considering that "Apple appeal may impact or streamline the issues to be decided in the Samsung case" when it denied Samsung motion to stay pending PTO proceedings).

[28] *See, e.g.*, *NFC Tech.*, 2015 WL 1069111, at *4; *see generally Return Mail, Inc. v. U.S. Postal Serv.*, 139 S. Ct. 1853, 1864 (2019) (discussing "intervening rights").

Dated: March 2, 2023

Respectfully submitted,

/s/ *William A. Hector*

Deron Dacus
State Bar No. 0079-553
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Tel: (903)705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Frank C. Cimino, Jr. (*pro hac vice*)
fccimino@venable.com
Megan S. Woodworth (*pro hac vice*)
mswoodworth@venable.com
William C. Lawrence (*pro hac vice*)
wclawrence@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4569

William A. Hector (*pro hac vice*)
wahector@venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
(415) 653-3750

Laura A. Wytsma (*pro hac vice*)
lawytsma@venable.com
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 229-9900

*Attorneys for Defendants
Verizon Communications Inc.,
Cellco Partnership d/b/a Verizon
Wireless, Verizon Services Corp., and
Verizon Business Network Services LLC*

/s/ *R. William Sigler*

Alan M. Fisch (*pro hac vice*)
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Lisa N. Phillips (*pro hac vice*)
*lisa.phillips@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Suite 400
Washington, DC 20015
202.362.3500

M. Craig Tyler
Texas Bar No. 00794762
ctyler@perkinscoie.com
PERKINS COIE LLP
500 W 2nd St, Suite 1900
Austin, TX  78701-4687
Tel: (737) 256-6113
Fax: (737) 256-6300

Daniel T. Shvodian (*pro hac vice*)
dshvodian@perkinscoie.com
Christopher Kelley *(pro hac vice)*
ckelley@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Tel: 650.838.4300
Fax: 650.838.4350

*Attorneys for Defendants
Amazon.com, Inc.; Amazon.com, Services
LLC; and Amazon Web Services, Inc.*

/s/ *Amanda Tessar*
Amanda Tessar
atessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Tel: (303) 291-2357
Fax: (303) 291-2457

Martin E. Gilmore
mgilmore@perkinscoie.com
PERKINS COIE LLP
405 Colorado St., Suite 1700
Austin, TX 78701
Tel: (737) 256-6118
Fax: (737) 256-6300

Melissa Richards Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM AND SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

*Attorneys for Defendant*
*T-Mobile USA, Inc.*

7

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on March 2, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ R. William Sigler*
R. William Sigler
